B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT<br>District of Delaware | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Synagro - WWT, Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>Wheelabrator Water Technologies, Inc.; Wheelabrator Clean Water Systems, Inc; Bio Gro Systems, Inc. | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>52-1130492 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>1800 Bering Drive, Suite 1000<br>Houston, Texas<br>ZIP CODE 77057 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Harris County | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

### Type of Debtor
(Form of Organization)
(Check one box.)

- ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*
- ☑ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

### Nature of Business
(Check one box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☑ Other

### Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box.)

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

### Chapter 15 Debtors
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

### Tax-Exempt Entity
(Check box, if applicable.)

- ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

### Nature of Debts
(Check one box.)

- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☑ Debts are primarily business debts.

### Filing Fee (Check one box.)

- ☑ Full Filing Fee attached.
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

### Chapter 11 Debtors

Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

### Statistical/Administrative Information

- ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☑ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

**Estimated Assets**

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☑ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

**Estimated Liabilities**

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☑ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1) (04/13)                                                                                                                    Page 2

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | **Name of Debtor(s):** Synagro - WWT, Inc. |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐   Exhibit A is attached and made a part of this petition. | **Exhibit B** (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>    Signature of Attorney for Debtor(s)    (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐   Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☑   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13)                                                                                           Page 3

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | **Name of Debtor(s):**<br>Synagro - WWT, inc. |

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>    Signature of Debtor<br><br>X _____<br>    Signature of Joint Debtor<br><br>    Telephone Number (if not represented by attorney)<br><br>    Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>    (Signature of Foreign Representative)<br><br>    (Printed Name of Foreign Representative)<br><br>    Date |

| **Signature of Attorney\*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
|---|---|
| X /s/ Mark S. Chehi<br>    Signature of Attorney for Debtor(s)<br>    Mark S. Chehi<br>    Printed Name of Attorney for Debtor(s)<br>    Skadden Arps Slate Meagher & Flom LLP<br>    Firm Name<br><br>    One Rodney Square, P.O. Box 636<br>    Wilmington, DE 19899<br>    Address<br>    302-651-3000<br>    Telephone Number<br>    04/24/2013<br>    Date<br><br>\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |

| **Signature of Debtor (Corporation/Partnership)** | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>    Signature of Authorized Individual<br>    Joseph L. Page<br>    Printed Name of Authorized Individual<br>    Vice President and Secretary<br>    Title of Authorized Individual<br>    04/24/2013<br>    Date | _____<br>Address<br><br>X _____<br>Signature<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

## SCHEDULE 1– AFFILIATED DEBTORS

The following list identifies all of the affiliated entities, including the Debtor filing this petition (collectively, the "Debtors"), that have filed voluntary petitions for relief in this Court under title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), substantially contemporaneously with the filing of this petition.

1.      Drilling Solutions, LLC

2.      Earthwise Organics, LLC

3.      Environmental Protection & Improvement Company, LLC

4.      NETCO – Waterbury, LP

5.      New Haven Residuals, LP

6.      New York Organic Fertilizer Company

7.      Providence Soils, LLC

8.      Soaring Vista Properties, LLC

9.      South Kern Industrial Center, LLC

10.      ST Interco, Inc.

11.      Synagro – Connecticut, LLC

12.      Synagro – WCWNJ, LLC

13.      Synagro – WWT, Inc.

14.      Synagro Central, LLC

15.      Synagro Composting Company of California, LLC

16.      Synagro Detroit, LLC

17.      Synagro Drilling Solutions, LLC

18.      Synagro – Hypex, LLC

19.      Synagro Management, LP

20.    Synagro Northeast, LLC

21.    Synagro of California, LLC

22.    Synagro of Minnesota – Rehbein, LLC

23.    Synagro of Texas – CDR, Inc.

24.    Synagro Product Distribution, LLC

25.    Synagro South, LLC

26.    Synagro Technologies, Inc.

27.    Synagro Texas, LLC

28.    Synagro West, LLC

29.    Synagro Woonsocket, LLC

30.    Synatech Holdings, Inc.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
In re:                                        :       Chapter 11
                                              :
SYNAGRO-WWT, INC.                             :       Case No. 13-____ (____)
                                              :
                    Debtor.                   :       (Joint Administration Pending)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CONSOLIDATED LIST OF CREDITORS
## HOLDING 30 LARGEST UNSECURED CLAIMS

Set forth below is a list of creditors holding the thirty (30) largest unsecured claims against Synatech Holdings, Inc. and its subsidiaries (collectively, the "Debtors"[1]), as of approximately April 23, 2013. This list has been prepared on a consolidated basis, based upon the books and records of the Debtors. The information presented in the list below shall not constitute an admission by, nor is it binding on, the Debtors.

This List of Creditors is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 case. This List of Creditors does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101 or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the largest unsecured claims.

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Drilling Solutions, LLC (9935); Earthwise Organics, LLC (5458); Environmental Protection & Improvement Company, LLC (2397); NETCO - Waterbury, LP (5202); New Haven Residuals, LP (2758); New York Organic Fertilizer Company (8694); Providence Soils, LLC (9061); Soaring Vista Properties, LLC (4015); South Kern Industrial Center, LLC (2099); ST Interco, Inc. (4897); Synagro - Connecticut, LLC (5532); Synagro - WCWNJ, LLC (0817); Synagro - WWT, Inc. (0492); Synagro Central, LLC (2568); Synagro Composting Company of California, LLC (7671); Synagro Detroit, LLC (1107); Synagro Drilling Solutions, LLC (4598); Synagro-Hypex, LLC (2544); Synagro Management, LP (4546); Synagro Northeast, LLC (2564); Synagro of California, LLC (8598); Synagro of Minnesota - Rehbein, LLC (7969); Synagro of Texas - CDR, Inc. (8566); Synagro Product Distribution, LLC (4357); Synagro South, LLC (2567); Synagro Technologies, Inc. (9860); Synagro Texas, LLC (4372); Synagro West, LLC (2566); Synagro Woonsocket, LLC (1634); Synatech Holdings, Inc. (5544). The Debtors' address is 1800 Bering Drive, Suite 1000, Houston, Texas 77057.

| Creditor | Mailing Address and Telephone Number | Nature of Claim | Contingent, Unliquidated or Disputed | Amount of claim |
|---|---|---|---|---|
| US BANK (ADMIN. AGENT FOR SECOND LIEN LENDERS) | LISA DOLAN 214 NORTH TRYON ST. 26TH FLOOR CHARLOTTE, NC 28202 | SECOND LIEN SECURED LOAN (UNDER SECURED) | UNLIQUIDATED | 100,442,000 Total amount. Portion under secured is undetermined. |
| WASTE MANAGEMEN T | JACQUIE MILLS 1001 FANNIN ST. SUITE 4000 HOUSTON, TX 77002 | TRADE DEBT | NO | 585,663 |
| AUTOMOTIVE RENTALS, INC | 4001 LEADENHALL ROAD MOUNT LAUREL, NJ 08054 | TRADE DEBT | NO | 583,198 |
| CITY OF WATERBURY | 235  GRAND STREET WATERBURY, CT 06702 | TRADE DEBT | NO | 474,046 |
| ALL STATE CONSTRUCTIO N INC | 449 COOKE ST FARMINGTON, CT 06032 | TRADE DEBT | NO | 382,667 |
| CITY OF WOONSOCKET | SUSAN D. MENARD, MAYOR 169 MAIN STREET WOONSOCKET, RI 02895 | TRADE DEBT | NO | 325,409 |
| LOFTON STAFFING SERVICES | 9700 RICHMOND AVE SUITE 151 HOUSTON, TX 77042 | TRADE DEBT | NO | 316,785 |
| CSX TRANSPORTAT ION | 500 WATER STREET 15TH FLOOR JACKSONVILLE, FL 32202 | TRADE DEBT | NO | 301,703 |
| CASTLE BRONX TERMINALS | 500 MAMARONECK AVENUE HARRISON, NY 10528 | TRADE DEBT | NO | 279,255 |
| G. I. C. CORPORATION | 3143  PETROL RD BAKERSFIELD, CA 93308 | TRADE DEBT | NO | 244,399 |
| NORFOLK SOUTHERN CORPORATION | P.O. BOX 532797 ATLANTA, GA 30353-2797 | TRADE DEBT | NO | 197,576 |
| GATX RAIL, A DIVISION OF GATX | 3454 SOLUTIONS CENTER CHICAGO, IL 60677-3004 | TRADE DEBT | NO | 190,450 |

| Creditor | Mailing Address and Telephone Number | Nature of Claim | Contingent, Unliquidated or Disputed | Amount of claim |
|---|---|---|---|---|
| MUNICIPAL MAINTENANCE CO. INC. | 1352 TAYLORS LANE CINNAMINSON, NJ 08077 | TRADE DEBT | NO | 102,771 |
| ADVANCED DISPOSAL SERVICES | GLACIER RIDGE LANDFILL LLC N7296 HWY V HORICON, WI 53032 | TRADE DEBT | NO | 89,813 |
| WPCA | 260 EAST STREET NEW HAVEN, CT 06511 | TRADE DEBT | NO | 89,198 |
| RUMPKE | 3963 B KRAUS LANE HAMILTON, OH 45014 | TRADE DEBT | NO | 88,131 |
| W M LYLES CO | 1210 WEST OLIVE AVE FRESNO, CA 93728 | TRADE DEBT | NO | 88,107 |
| MCCARTY ROAD LANDFILL TEXAS LP | PO BOX 841833 DALLAS, TX 75284-1833 | TRADE DEBT | NO | 79,707 |
| INDUSTRIAL STEAM | 18 W 140 BUTTERFIELD RD SUITE 1100 OAKBROOK TERRACE, IL 60181 | TRADE DEBT | NO | 79,211 |
| UNION COUNTY LANDFILL | 684 MAULDIN RD. GREENVILLE, SC 29607 | TRADE DEBT | NO | 79,125 |
| ENERGY ELECTRIC COMPANY INC | 740 QUAKER HWY UXBRIDGE, MA 01569 | TRADE DEBT | NO | 67,753 |
| GREER INDUSTRIES ICC | PO BOX 1900 MORGANTOWN, WV 26507 | TRADE DEBT | NO | 67,031 |
| BFI - CMS LANDFILL | 5105 MOREHEAD ROAD CONCORD, NC 28027 | TRADE DEBT | NO | 66,566 |
| JERROD A JESS | 1886 NORTHGATE DR MANTECA, CA 95336 | TRADE DEBT | NO | 64,403 |
| SANTA BUCKLEY ENERGY INC | 154 ADMIRAL STREET BRIDGEPORT, CT 06605 | TRADE DEBT | NO | 61,389 |
| KOCHERGEN FARMS COMPOSTING | 523 NORTH BRAWLEY AVENUE FRESNO, CA 93706 | TRADE DEBT | NO | 61,031 |

| Creditor | Mailing Address and Telephone Number | Nature of Claim | Contingent, Unliquidated or Disputed | Amount of claim |
|---|---|---|---|---|
| UNUM LIFE INSURANCE | 1 FOUNTAIN SQ CHATTANOOGA, TN 37402 | TRADE DEBT | NO | 60,917 |
| CBI SERVICES, INC. | 21144 NETWORK PLACE CHICAGO, IL 60673-1211 | TRADE DEBT | NO | 60,084 |
| RYAN LLC | THREE GALLERIA TOWER 13155 NOEL RD. SUITE 100 DALLAS, TX 75240 | TRADE DEBT | NO | 58,095 |
| A&L EASTERN AGRICULTURAL LABORATORIES, INC. | 7621 WHITEPINE ROAD RICHMOND, VA 23237 | TRADE DEBT | NO | 57,351 |

## DECLARATION UNDER PENALTY OF PERJURY

I, Joseph L. Page, Secretary of the Debtor, declare under penalty of perjury that I have read the foregoing List of Creditors and that it is true and correct to the best of my knowledge, information and belief.

Dated: April 24, 2013
      Baltimore, Maryland

By:_____
Name: Joseph L. Page

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re:                                    :    Chapter 11
                                          :
Synagro – WWT, Inc.                       :    Case No. 13-____ (___)
                                          :
              Debtor.                     :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## CORPORATE OWNERSHIP STATEMENT OF
## SYNAGRO – WWT, INC.

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following organizational chart identifies all entities having a direct or indirect ownership interest in the above-captioned debtor in possession (the "Debtor") and any entity in which the Debtor owns an interest.

## DECLARATION

I, Joseph L. Page, Vice President and Secretary of the Debtor in this case, declare under penalty of perjury that I have read the foregoing Corporate Ownership Statement and that it is true and correct to the best of my knowledge, information and belief.

Dated: April 24, 2013
       Baltimore, Maryland

By:_____
Name:  Joseph L. Page

SYNAGRO ENTITY ORGANIZATIONAL CHART



Monday, April 22, 2013

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
In re:                                      :    Chapter 11
                                            :
Synagro – WWT, Inc.,                        :    Case No. 13-____ (___)
                                            :
              Debtor.                       :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## LIST OF EQUITY SECURITY HOLDERS

This list contains the equity security holders (the "List of Equity Security Holders") of Synagro-WWT, Inc. (the "Debtor"), which has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(3).

| Equity Holder | Address of Equity Holder | Amount of Shares | Type of Shares |
|---|---|---|---|
| Synagro Technologies, Inc. | 1800 Bering Dr. Suite 1000 Houston, TX 77057 | 100% | Common Stock |

### DECLARATION

I, Joseph L. Page, Vice President and Secretary of the Debtor, declare under penalty of perjury that I have read the List of Equity Security Holders and that it is true and correct to the best of my knowledge, information and belief.

Dated: April 24, 2013
      Baltimore, Maryland

By:_____
Name: Joseph L. Page

**UNANIMOUS WRITTEN CONSENT**
**OF**
**THE BOARD OF DIRECTORS**
**OF**
**SYNAGRO – WWT, INC.**

**April 23, 2013**

The undersigned, being all of the members of the board of

directors (the "Board of Directors") of Synagro - WWT, Inc., a Maryland

corporation (the "Corporation"), acting pursuant to Section 2-408(c) of the

Maryland General Corporation Law and Article III Section 6 of the by-laws of the

Corporation, do hereby consent to the adoption of, and do hereby adopt, the

following resolutions with the same force and effect as if they had been

unanimously approved by the Board of Directors at a duly convened meeting and

direct that this written consent be filed with the minutes of the proceedings of the

Board of Directors:

<u>Chapter 11 Filing</u>

**WHEREAS**, the Board of Directors has been presented with a proposed
petition to be filed by the Corporation in the United States Bankruptcy Court
for the District of Delaware (the "Bankruptcy Court") seeking relief under the
provisions of chapter 11 of title 11 of the United States Code (the
"Bankruptcy Code"), in which the authority to operate as a debtor-in-
possession will be sought; and

**WHEREAS**, the Board of Directors has determined that it is in the best
interests of the Corporation and its stakeholders that the Corporation file a
petition seeking relief under the provisions of chapter 11 of the Bankruptcy
Code.

**NOW THEREFORE, BE IT RESOLVED**, that the Corporation file a
petition seeking relief under the provisions of chapter 11 of the Bankruptcy
Code, in which the authority to operate as a debtor-in-possession will be
sought, and the filing of such petition is authorized hereby;

**FURTHER RESOLVED**, that each of the officers of the Corporation, including, without limitation, the president, chief executive officer, chief financial officer, chief restructuring officer, general counsel, any vice president, secretary, treasurer, assistant secretary and assistant treasurer of the Corporation (each, an "Authorized Officer," and, collectively, the "Authorized Officers") is hereby authorized, empowered and directed in the name and on behalf of the Corporation to take all actions in connection with the chapter 11 case authorized herein;

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to execute and verify a petition in the name of the Corporation under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Officer executing said petition on behalf of the Corporation shall determine;

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed in the name and on behalf of the Corporation, to execute and file or cause to be executed and filed (or to direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and in that connection to employ and retain all assistance by legal counsel, accountants or other professionals and to take any and all other action which they or any one of them deem necessary or appropriate in connection with the chapter 11 case contemplated hereby, with a view to the successful prosecution of such case;

**FURTHER RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Officer to seek relief under chapter 11 of the Bankruptcy Code or in connection with the chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Corporation;

<u>DIP Financing</u>

**FURTHER RESOLVED**, that the Authorized Officers of the Corporation be, and each of them individually hereby is, authorized, empowered and directed to (a) negotiate, execute and deliver, as applicable, in the name and on behalf of the Corporation, (i) a Secured Super-Priority Debtor-in-Possession Credit Agreement (as it may be amended, restated, supplemented or otherwise modified from time to time, the "Credit Agreement") among Synagro Technologies, Inc. (the "Parent"), as borrower, the Corporation and certain other subsidiaries of the Parent party thereto (collectively, the "Subsidiary Guarantors"), the lenders party thereto from time to time and Bank of

America, N.A., as administrative agent and as collateral agent, (ii) a Guarantee and Collateral Agreement (together with all exhibits, schedules, annexes, certificates, assignments, financing statements and related documents contemplated thereby, as they may be amended, restated, supplemented or otherwise modified from time to time, the "Security Agreement"), among the Parent, the Corporation, the Subsidiary Guarantors, and Bank of America, N.A., as collateral agent, and (iii) any and all documents to be executed by the Corporation in connection therewith (collectively with the Credit Agreement and the Security Agreement, the "DIP Financing"), substantially in the form of, and on the terms and conditions contained in, the drafts thereof presented to the Board of Directors for review, with such modifications therein as any one of the Authorized Officers of the Corporation acting on the Corporation's behalf may approve, his or her execution thereof to be conclusive evidence of the approval thereof by the Corporation and (b) along with their designees, perform the obligations and carry out the duties of the Corporation under the DIP Financing and under all such other documents required to be executed and delivered in connection therewith; and that the form, terms and provisions of the DIP Financing, and any modifications thereto, approved by any officer and the performance of all the agreements and obligations of the Corporation and the consummation of the transactions contemplated thereby be, and they hereby are, approved and adopted in all respects;

**FURTHER RESOLVED**, that the Corporation be, and hereby is, authorized to guarantee the Obligations, pledge, and grant security interests in, substantially all of its assets to secure the Obligations (as defined in the Credit Agreement) and to enter into all agreements as may be necessary to perform its obligations under the DIP Financing;

**FURTHER RESOLVED**, that it is advisable and in the best interests of the Corporation, in its own capacity and as sole member or partner, as applicable, of certain Subsidiary Guarantors, for the Subsidiary Guarantors to execute and deliver the Credit Agreement, the Security Agreement and any other documents, agreements and certificates in connection with the actions and transactions authorized by the foregoing resolutions, and to perform their respective obligations and carry out their respective duties thereunder and the transactions contemplated thereby, in such manner as may be authorized and approved by the Corporation, as sole member or partner, as applicable, of certain of the Subsidiary Guarantors, or such Subsidiary Guarantor's partner, member or manager, as applicable (collectively, the "Subsidiary Transactions");

**FURTHER RESOLVED**, that each Subsidiary Guarantor shall derive direct and indirect benefits therefrom, and that each Subsidiary Guarantor is hereby authorized, empowered and directed to enter into and perform the Subsidiary Transactions in such manner as may be authorized and approved by its sole member or partner;

Asset Purchase Agreement

**FURTHER RESOLVED**, that in connection with the bankruptcy filing, it is desirable and in the best interest of each of the Corporation, its creditors, the Board of Directors and other interested parties to enter into (concurrently with certain other affiliates of the Corporation) an asset purchase agreement including, without limitation, the sale of the Corporation's membership interests in Philadelphia Biosolids Services, LLC and Synagro-Baltimore L.L.C., substantially on the terms of the draft asset purchase agreement which has been provided to the Board of Directors (the "Asset Purchase Agreement"), subject to approval by the Bankruptcy Court;

**FURTHER RESOLVED**, that it is desirable and in the best interest of the Corporation to enter into such additional agreements, consents, certificates, amendments, assignments and instruments as may be necessary to consummate the sale of substantially all of the Corporation's assets in connection with the Asset Purchase Agreement (the "Sale"), subject to approval by the Bankruptcy Court;

**FURTHER RESOLVED**, that the Corporation and the Board of Directors hereby approve the Sale, on the terms and subject to the conditions set forth in the Asset Purchase Agreement and subject to approval by the Bankruptcy Court;

**FURTHER RESOLVED**, that the form, terms and provisions of the Asset Purchase Agreement and all other agreements and undertakings on the part of the Corporation made pursuant thereto or in connection therewith (collectively, the "Definitive Sale Documentation"), and the performance by the Corporation of its obligations thereunder and the consummation by the Corporation of the transactions contemplated be, and they hereby are, approved and adopted in all respects;

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them individually hereby is, authorized, directed and empowered, in the name and on behalf of the Corporation, to negotiate, execute, deliver and perform, in the name and on behalf of the Corporation, the Definitive Sale Documentation, with such deletions or changes therein or additions thereto as such Authorized Officer or Authorized Officers executing the same deems reasonable, necessary, appropriate or advisable, his or her execution and delivery thereof to be conclusive evidence of the approval by him or her of such deletions or changes therein or additions thereto;

Regulatory Filing

**FURTHER RESOLVED**, that in order for the Corporation to comply with all applicable requirements of the Hart-Scott-Rodino Antitrust Improvements Act of 1976, as amended, and the rules and regulations thereunder (the "HSR Act") and all other federal, state and foreign laws and orders (together with the HSR Act, the "Laws"), the Authorized Officers be, and each of them hereby is, authorized, empowered and directed, in the name and for and on behalf of the Corporation, with the assistance of counsel, to prepare or cause to be prepared and to execute, verify and file such other forms, schedules, statements, reports, documents, powers or amendments thereto, required to be filed by the Corporation pursuant to the HSR Act and the other Laws in connection with the transactions contemplated by the Definitive Sale Documentation, and to respond to all requests for additional information and to meet or confer with officials of the Antitrust Division of the Department of Justice, the Federal Trade Commission or any other federal, state, local or foreign government or any office, agency or entity thereof, in connection with the transactions contemplated by the Definitive Sale Documentation;

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them individually hereby is, authorized, empowered and directed, in the name and for and on behalf of the Corporation, to prepare or cause to be prepared and to execute, verify and file such other forms, schedules, statements, reports, documents, powers or amendments thereto that, in the judgment of such officer taking such action, are necessary, appropriate or advisable in order to comply with any requirements of, or to obtain any order, approval or certificate of, or from, any federal, state, local or foreign government or any office, agency or entity thereof, in connection with the transactions contemplated by the Definitive Sale Documentation, and to execute any and all required notifications, applications, reports, consents or other instruments or any amendments thereto with any and all appropriate federal, state, local and foreign government or any office, agency or entity thereof;

Third-Party Consents

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them individually hereby is, authorized, empowered and directed, in the name and for and on behalf of the Corporation, to take all such action to obtain any authorizations, consents, waivers or approvals of any third party that such officer of the Corporation deems necessary, appropriate or advisable in order to effect the transactions contemplated by the Definitive Sale Documents;

Retention of Advisors

**FURTHER RESOLVED**, that the law firm of Skadden, Arps, Slate, Meagher & Flom LLP and its affiliates be, and hereby are, employed under general retainer as attorneys for the Corporation in the chapter 11 case;

**FURTHER RESOLVED**, that John R. Castellano be and hereby is, appointed as chief restructuring officer of the Corporation, and AP Services, LLC (or its affiliates) be, and hereby is, employed to provide related managerial services to the Corporation;

**FURTHER RESOLVED**, that Evercore Group L.L.C. (or its affiliates) be, and hereby is, employed as investment banker for the Corporation in the chapter 11 case;

**FURTHER RESOLVED**, that Sitrick and Company (or its affiliates) be, and hereby are, employed as communications and public relations consultants for the Corporation in the chapter 11 case;

**FURTHER RESOLVED**, that Kurtzman Carson Consultants, LLC (or its affiliates) be, and hereby are, employed as claims and noticing agents for the Corporation in the chapter 11 case;

Fees and Expenses

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions, the making of any such payment conclusively to evidence the due authorization and approval thereof by the Board of Directors;

General

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to take any and all such actions, and to execute and deliver or cause to be executed and delivered under seal of the Corporation or otherwise, such agreements, certificates, undertakings, instruments and any and all other documents and amendments necessary or appropriate to facilitate the transactions contemplated by the foregoing resolutions, containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or appropriate in connection with the chapter 11 case, the DIP Financing, the

Definitive Sale Documentation, the Sale or any matter related thereto, the taking of any such action or the execution and delivery of such agreements, certificates, undertakings, instruments, documents or amendments conclusively to evidence the due authorization and approval thereof by the Board of Directors; and

**FURTHER RESOLVED**, that all actions heretofore taken by any director, officer or employee of the Corporation, on or prior to the date hereof, in the name and on behalf of the Corporation in connection with any of the matters contemplated by the foregoing resolutions are in all respects authorized, ratified, approved, confirmed and adopted as the acts and deeds by and on behalf of the Corporation as fully as if such actions had been presented to the Board of Directors for its prior approval.

\* \* \* \* \*

*[Signature Page Follows]*

**IN WITNESS WHEREOF**, this action by written consent has been executed by the undersigned directors as of the date first written above.

SYNAGRO - WWT, INC.

By: _____
     Name:  Joseph L. Page
     Title:   Director

By: _____
     Name:  Donald B. Zimmer
     Title:   Director

[UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS OF SYNAGRO – WWT, INC.]